UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――――――――X

THE NEW YORK TIMES COMPANY,           :

               Plaintiff,           :

                                    :           **COMPLAINT**

       - against -

                                    :

DEPARTMENT OF DEFENSE and OFFICE OF THE
DIRECTOR OF NATIONAL INTELLIGENCE      :

               Defendants.         :

――――――――――――――――――――――――――――――X

Plaintiff THE NEW YORK TIMES COMPANY, by its undersigned attorneys, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain an order for the production of agency records in response to FOIA requests properly made by The New York Times Company ("The Times") to these constituent bodies of the Department of Defense ("DOD"): the Defense Intelligence Agency ("DIA"), Joint Personnel Recovery Agency ("JPRA"), Department of Defense Office of the Inspector General ("DOD-OIG"), Office of the Secretary of Defense and Joint Chiefs of Staff ("OSD-JCS"), U.S. Africa Command ("AFRICOM"), U.S. Central Command ("CENTCOM"), U.S. European Command ("EUCOM"), U.S. Special Operations Command ("SOCOM"), U.S. Southern Command, U.S. Air Force, U.S. Navy, and U.S. Army.  The Times seeks the same relief on the same basis in respect to the Office of the Director of National Intelligence ("ODNI").

1

# PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York.

3. Defendants are agencies of the federal government that have possession and control of the records that Plaintiff seeks.

# JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is premised on Plaintiff's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

6. Plaintiff has exhausted all administrative remedies available in regard to the request at issue. *See* U.S.C. § 552(a)(6)(C).

# FACTUAL BACKGROUND

## Appendix M

7. The McCain-Feinstein Amendment to the National Defense Authorization Act for Fiscal Year 2016, enacted on November 25, 2015, codified an Executive Order signed by President Obama intended to prevent persons from the United States from engaging in interrogation techniques that constitute torture under existing federal and international law. 161 Cong. Rec. S4173 (daily ed. June 16, 2015).

8. The Amendment required interrogators for the United States government to use only interrogation techniques or approaches authorized by the Army Field Manual on Human Intelligence Collector Operations, FM 2-22.3 ("AFM"). *See* 42 U.S.C. § 2000dd-2 (2015).

9. Appendix M of the Army Field Manual is the final appendix in the Manual, entitled "Restricted Interrogation Technique—Separation." Appendix M provides for "restricted" interrogation rules to be used only with prior permission from superiors and only for a special class of detainees described as "specific unlawful enemy combatants."

10. The Separation interrogation technique is the practice of keeping detainees physically isolated from one another for two purposes: preventing detainees from "learning counter-resistance techniques or gathering new information to support a cover story" and "decreasing the detainee's resistance to interrogation."

11. Appendix M distinguishes between two forms of Separation: Physical Separation, whereby detainees are kept physically apart and prevented from having contact with anyone other than base personnel, and Field Expedient Separation, whereby detainees are subjected to a form of sensory deprivation to prolong the shock of capture.

12. Physical Separation is authorized for a period of up to 30 days, renewable upon request, while Field Expedient Separation is authorized for renewable 12-hour stretches.

13. Appendix M does not include an approval procedure for Field Expedient Separation, but it does contain a substantive set of preconditions before Physical Separation may be imposed.

14. Appendix M also requires that detainees must not be precluded from 4 hours of continuous sleep in any 24-hour period. In practice, this allows a form of sleep

deprivation whereby interrogators can keep an inmate awake for 40 straight hours before allowing them four hours of sleep.

15. Additionally, Appendix M suggests using the both forms of the Separation technique in combination with other non-restricted interrogation strategies. "Fear Up" is an interrogation strategy whereby the interrogator either creates or exploits a fear in the detainee while setting himself up as the resolution to that fear. "Futility" is a strategy whereby the interrogator convinces the detainee that resistance to questioning is futile, thus engendering a feeling of hopelessness and helplessness on the part of the detainee.

16. The public interest in documents pertaining to Appendix M is significant. Depending on the specific factual circumstances, the sleep deprivation, sensory deprivation, and physical isolation authorized by Appendix M, used alone or in combination with the suggested non-restricted interrogation techniques, could be considered "cruel, inhuman or degrading treatment" in violation of the Convention Against Torture or Other Cruel, Inhuman, or Degrading Treatment or Punishment or an act that is "specifically intended to inflict severe physical or mental pain or suffering . . . upon another person within his custody or physical control," which is prohibited under federal criminal law. 18 U.S.C §§ 2340, 2340A.

17. Documents pertaining to Appendix M have previously been released pursuant to FOIA. In response to a FOIA request that was subject to litigation, *Buzzfeed News* received copies of 59 requests to use Separation at a detention facility inside a U.S. military base in Bagram, Afghanistan, from January 2010 to April 2011. Fifty-eight of those Separation requests were approved, in some cases over concerns from military lawyers.

18.     The Times's FOIA requests at issue here also seek documentation regarding requests to use Separation, but over a longer period and not confined to a single geographic location.

FOIA Request

19.     On June 3, 2019, The Times submitted FOIA requests for the same documents (the "Request") to the Defense Intelligence Agency, the Joint Personnel Recovery Agency, the Department of Defense Office of Inspector General, the Office of the Secretary of Defense and Joint Staff, the U.S. Africa Command, the U.S. Central Command, the U.S. European Command, the U.S. Special Operations Command, and the Office of the Director of National Intelligence requesting documents related to Appendix M of the AFM between January 1, 2009 and June 3, 2019.

20.     The Times's Request sought five categories of documents: (1) all completed Interrogation Plans (as shown on page M-7 of Appendix M of the AFM); (2) any reports made pursuant to the provisions for reporting of abuses and suspected abuses (as set forth on pages M-5 and M-6 of Appendix M of the AFM); (3) any advice or measures promulgated by an oversight team (as set forth on page M-12 of Appendix M of the AFM); (4) any review of the use of the techniques authorized under Appendix M of the AFM by an inspector general, the Department of Defense, the Directorate of National Intelligence, or another oversight authority; (5) any documents showing the number of detainees subjected to the interrogation techniques set forth in Appendix M of the AFM and the dates of the interrogations; and (6) any documents relating to the authorization or use of "Separation" by the DOD or the ODNI.

21.     On June 3, 2019, The Times received an automated confirmation that the U.S. Central Command FOIA request was received.

22. On June 4, 2019, The Times submitted the same FOIA Request to the U.S. Africa Command.

23. Also on June 4, 2019, the JPRA acknowledged receipt of The Times's Request (FOIA Case Number: JPRA-F-201910).

24. Also on June 4, 2019, the DOD-OIG acknowledged receipt of The Times's request and granted The Times's request for a fee waiver.

25. On June 5, 2019, the U.S. Africa Command acknowledged receipt of The Times's Request (FOIA Case Number: 2019-180).

26. On June 6, 2019, the DOD-OIG informed The Times that the records sought in its Request (FOIA Case Number: DODOIG-2019-000751) were not maintained by the DOD, indicated that "[t]he information you are seeking . . . is most likely held by the Department of the Army," and administratively closed the request to the DOD.

27. On June 7, 2019, the Office of the Secretary of Defense and Joint Staff acknowledged receipt of The Times's Request (FOIA Case Number: 19-F-1327) and stated that there were "unusual circumstances" that precluded the agency from responding within the 20-day statutory period.

28. On June 13, 2019, the DIA acknowledged receipt of The Times's Request (FOIA Case Number: FOIA-0243-2019) and stated that there were "unusual circumstances" that precluded the agency from responding within the 20-day statutory period.

29. On June 17, 2019, the Office of the Secretary of Defense and Joint Staff acknowledged receipt of The Times's Request (FOIA Case Number: 19-F-1327) and stated that "[a]lthough we have already begun processing your request, we will not be able to respond

within the FOIA's 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request."

30. On June 18, 2019, The Times submitted the same FOIA Request to the U.S. Air Force, the U.S. Navy, and the U.S. Army. That same day, the U.S. Air Force acknowledged receipt of the Request (FOIA request # 2019-03930-F).

31. Also on June 18, 2019, following a conversation between plaintiff Scott Shane and a FOIA Public Liaison at DOD-OIG, DOD-OIG agreed to re-open the Request, which had been administratively closed on June 6, 2019. DOD-OIG determined that the report DODIG-2019-077, "Evaluation of the Oversight of Intelligence Interrogation Approaches and Techniques," was responsive to the Request, and explained that it was processing two other FOIA requests for the same report.

32. Also on June 18, 2019, the U.S. Central Command sent a letter indicating that the Request was being processed, that it was No. 904 in the queue, and that "[t]he actual processing time for these documents will depend upon consultation with other DoD components, stateside, overseas, or other agencies."

33. On June 19, 2019, the U.S. European Command acknowledged receipt of The Times's Request (FOIA Case Number: 19-F-031).

34. On June 26, 2019, The Times submitted a FOIA Request for the same documents to the U.S. Southern Command. On July 2, 2019, U.S. Southern Command acknowledged receipt of The Times's Request (Case Control Number: SC 19-080-S) and stated that there were "unusual circumstances" that precluded the agency from responding within the 20-day statutory period.

35. On July 3, 2019, ODNI informed The Times that ODNI had completed searches for records responsive to the Request and had located potentially responsive documents, and that the "case has been placed in [ODNI's] FOIA backlog queue for processing."

36. On August 13, 2019, the DIA issued a response to The Times's Request (FOIA-0243-2019), effectively denying the Request and stating that the DIA had determined that the requested "information is under the purview of the Department of the Army."

37. On August 29, 2019, The Times filed an administrative appeal to the DIA, explaining that the DIA's response was unsatisfactory under FOIA, as the DIA is obligated to turn over any responsive, non-exempt records, whether or not such records are "within its purview," or to explain that an adequate search yielded no responsive documents.

38. On September 25, 2018, the DIA sent a letter, acknowledging receipt of the administrative appeal (APP-0017-2019) and stating that it was "unable to respond" to The Times's appeal within the statutory 20 days or to provide an estimated date of completion, but that it would "process [The Times's] Appeal request as soon as possible."

39. On September 27, 2019, the DIA told The Times by e-mail that "the requested information is under the purview of the Department of the Army," and indicated that "ODNI would most likely have the records requested."

40. Also on September 27, 2019, the Navy acknowledged receipt of the FOIA request submitted on June 18, 2019 (FOIA request # DON-NAVY-2019-008152) and indicated that the request for a fee waiver "has been determined to be not applicable as the request is not billable."

## FIRST CAUSE OF ACTION

41. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

42. Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any disclosable records in their possession at the time of the request and provide a lawful reason for withholding any other materials as to which they are claiming an exemption.

43. Defendants' failure to make a reasonable effort to search for the records requested by The Times violates FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendants' corresponding regulations.

44. Defendants' failure to make promptly available the records requested by The Times violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

45. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

46. Order Defendants to provide the requested records to Plaintiff within 20 business days of the Court's order;

47. Award Plaintiff the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

48. Grant Plaintiff such other relief as this Court deems just and proper.

Dated: New York, New York
October 24, 2019

/s/_____
David E. McCraw
Dana R. Green
Alexandra Perloff-Giles
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

OF COUNSEL:

Christopher Welsh
The Center for Ethics and the Rule of Law
University of Pennsylvania
3501 Sansom Street
Philadelphia, PA 19104
Phone: (215) 898-7569
E-mail: cwelsh2@law.upenn.edu

*Counsel for Plaintiff*