GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:     ANTHONY J. SUN
        Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2810
Fax: (212) 637-2786
anthony.sun@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEPARTMENT OF DEFENSE and OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>                    Defendants. | 19 Civ. 9821 (VSB)<br><br>**ANSWER** |

Defendants Department of Defense ("DOD") and Office of the Director of National

Intelligence ("ODNI") (collectively, "Defendants" or the "Government"), by their attorney,

Geoffrey S. Berman, United States Attorney for the Southern District of New York, answer the

complaint filed October 24, 2019, by plaintiff The New York Times Company ( "Plaintiff"),

upon information and belief as follows:

1.      Paragraph 1 of the complaint contains a characterization of the action and legal

conclusions to which no response is required. To the extent a response is deemed required, the

characterization and conclusions are denied.

PARTIES

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

3.      Admit that Defendants are agencies of the federal government or components thereof, but deny that all Defendants have possession and control of the records that Plaintiff seeks, and aver that to the extent any defendant has possession and control of the records Plaintiff seeks, some or all of the records are exempt, in whole or in part, from disclosure under FOIA.

JURISDICTION AND VENUE

4.      Paragraph 4 of the complaint consists of legal conclusions to which no response is required.

5.      Paragraph 5 of the complaint consists of legal conclusions to which no response is required.

6.      Paragraph 6 of the complaint consists of legal conclusions to which no response is required.

FACTUAL BACKGROUND

7.      With respect to paragraph 7 of the complaint, respectfully refer the Court to the referenced legal authorities for their true and complete contents.

8.      With respect to paragraph 8 of the complaint, admit that Army Field Manual 2-22.3 is entitled "Human Intelligence Collector Operations," and respectfully refer the Court to the referenced documents and statutes for their true and complete contents.

9.      With respect to paragraph 9 of the complaint, admit that Appendix M of Army Field Manual 222.3 is entitled "Restricted Interrogation Technique - Separation," and respectfully refer the Court to the referenced document for its true and complete contents.

10.      With respect to paragraph 10 of the complaint, respectfully refer the Court to the referenced document for its true and complete contents.

11.      With respect to paragraph 11 of the complaint, respectfully refer the Court to the referenced document for its true and complete contents.

12.      With respect to paragraph 12 of the complaint, respectfully refer the Court to the referenced document for its true and complete contents.

13.      With respect to paragraph 13 of the complaint, respectfully refer the Court to the referenced document for its true and complete contents.

14.      With respect to paragraph 14 of the complaint, respectfully refer the Court to the referenced document for its true and complete contents.

15.      With respect to paragraph 15 of the complaint, respectfully refer the Court to the referenced document for its true and complete contents.

16.      Paragraph 16 of the complaint consists of characterizations and legal conclusions to which no response is required.

17.      With respect to paragraph 17 of the complaint, admit that certain documents were released, with redactions, pursuant to FOIA in the matter of *Buzzfeed v. Dep't of Defense*, No. 1:14cv2024 (D.D.C.), and respectfully refer the Court to the released documents for their true and complete contents.

18.     Paragraph 18 of the complaint consists of characterizations to which no response is required. To the extent a response is deemed required, respectfully refer the Court to the referenced FOIA requests for their true and complete contents.

FOIA Request

19.     Admit that on June 3, 2019, Scott Shane of the New York Times submitted a FOIA request to the Defense Intelligence Agency, the Joint Personnel Recovery Agency, the Department of Defense Office of Inspector General, the Office of the Secretary of Defense and Joint Staff, the U.S. Central Command, the U.S. Special Operations Command, and the Office of the Director of National Intelligence, and respectfully refer the Court to the referenced documents for their true and accurate contents. Aver that the Joint Personnel Recovery Agency sent a final response dated July 17, 2019, to Scott Shane of the New York Times by email, further aver that the response was not timely appealed, and respectfully refer the Court to the referenced document for its true and accurate contents. Deny that Plaintiff submitted a FOIA request to the U.S. Africa Command on June 3, 2019, and respectfully refer the Court to paragraph 22 of the Complaint and of this Answer. Deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning the U.S. European Command, and aver that the U.S. European Command received a FOIA request from Scott Shane of the New York Times on June 4, 2019.

20.     With respect to paragraph 20 of the complaint, respectfully refer the Court to the referenced FOIA requests for their true and complete contents.

21.     Admit the allegations in paragraph 21 of the Complaint.

Case 1:19-cv-09821-VSB   Document 13   Filed 12/20/19   Page 5 of 10

22.     Admit that on June 4, 2019, Scott Shane of the New York Times submitted a FOIA request to the U.S. Africa Command, and respectfully refer the Court to the referenced document for its true and accurate contents.

23.     Admit the allegations in paragraph 23 of the Complaint.

24.     Admit that on June 4, 2019, the DOD-OIG sent an email to Scott Shane of the New York Times regarding a request for fee waiver for FOIA request DODOIG-2019-000751, and respectfully refer the Court to the referenced document for its true and accurate contents.

25.     Admit that on June 5, 2019, the U.S. Africa Command sent an email to Scott Shane of the New York Times regarding FOIA # 2019-180, aver that a final response dated July 11, 2019, was sent to Scott Shane of the New York Times, further aver that the response was not timely appealed, and respectfully refer the Court to the referenced documents for their true and accurate contents..

26.     Admit that the DOD-OIG sent Plaintiff a response letter dated June 6, 2019, regarding FOIA request # DODOIG-2019-000751, and respectfully refer the Court to the referenced document for its true and accurate contents.

27.     Admit that the Office of the Secretary of Defense and Joint Staff sent Scott Shane of the New York Times a letter dated June 7, 2019, in response to FOIA case number 19-F-1327, and respectfully refer the Court to the referenced document for its true and accurate contents.

28.     Admit that DIA sent Scott Shane of the New York Times a letter dated June 13, 2019, regarding FOIA request # FOIA-0243-2019, and respectfully refer the Court to the referenced document for its true and accurate contents.

29.     Deny the allegations in paragraph 29 of the Complaint, but aver that the Office of the Secretary of Defense and Joint Staff sent Scott Shane of the New York Times a letter dated

June 7, 2019, in response to FOIA case number 19-F-1327, and respectfully refer the Court to paragraph 27 of the Complaint and of this Answer as well as to the referenced document for its true and accurate contents.

30.     Admit that the Department of the Army, the Department of the Navy, and the Department of the Air Force each received FOIA requests from Scott Shane of the New York Times dated July 18, 2019, aver that the Department of the Army sent Scott Shane of the New York Times a letter dated September 12, 2019, in response to FOIA request # FA-19-1215/FP-19-021934, aver that the Department of the Navy sent Scott Shane of the New York Times a letter dated December 4, 2019, in response to FOIA request # 19-195//DON-NAVY-2019-008152, admit that the Department of the Air Force acknowledged receipt of FOIA request # 2019-03930-F on June 18, 2019, and respectfully refer the Court to the referenced documents for their true and accurate contents.

31.     Admit that on June 18, 2019, a FOIA Public Liaison at DOD-OIG sent an email to Scott Shane of the New York Times following a conversation regarding FOIA request # DODOIG-2019-000751, and respectfully refer the Court to the referenced document for its true and accurate contents, but deny that Scott Shane is a plaintiff in this action.

32.     Admit that the U.S. Central Command sent Scott Shane of the New York Times a letter dated June 18, 2019, regarding Plaintiff's FOIA request, and respectfully refer the Court to the referenced document for its true and accurate contents.

33.     Admit that the U.S. European Command sent Scott Shane of the New York Times a letter dated June 19, 2019, regarding EUCOM FOIA case # 19-F-031, aver that on July 18, 2019, a final response dated July 17, 2019, was sent to Scott Shane of the New York Times by

email, further aver that the response was not timely appealed, and respectfully refer the Court to the referenced documents for their true and accurate contents.

34.     Admit that the U.S. Southern Command received a FOIA request from Scott Shane of the New York Times on June 26, 2019, further admit that on July 2, 2019, the U.S. Southern Command sent an email regarding case control number SC 19-080-S, and respectfully refer the Court to the referenced documents for their true and accurate contents.

35.     Admit that ODNI sent Scott Shane of the New York Times a letter dated July 3, 2019, in response to ODNI Case DF-2019-00229, and respectfully refer the Court to the referenced document for its true and accurate contents.

36.     Admit that DIA sent Scott Shane of the New York Times a letter dated August 13, 2019, regarding FOIA request # FOIA-0243-2019, and respectfully refer the Court to the referenced document for its true and accurate contents.

37.     Admit that by letter dated August 29, 2019, Plaintiff filed an administrative appeal to the DIA, and respectfully refer the Court to the referenced document for its true and accurate contents.

38.     Admit that DIA sent Plaintiff a letter regarding FOIA appeal case # APP-0017-2019, but deny that the letter was dated September 25, 2018, aver that the letter was dated September 25, 2019, and respectfully refer the Court to the referenced document for its true and accurate contents.

39.     Admit that on September 27, 2019, DIA sent Plaintiff an email regarding DIA FOIA case # 0243-2019, and respectfully refer the Court to the referenced document for its true and accurate contents.

40.     Admit that on September 27, 2019, the Department of the Navy sent Scott Shane of the New York Times an email regarding a request for fee waiver for FOIA request # DON-NAVY-2019-008152, and respectfully refer the Court to the referenced document for its true and accurate contents.

## FIRST CAUSE OF ACTION

41.     Defendants repeat and restate their responses to paragraphs 1 through 40 of the complaint with the same force and effect as if fully set forth herein.

42.     Paragraph 42 of the complaint consists of legal conclusions to which no response is required.

43.     Deny the allegations in paragraph 43 of the complaint.

44.     Deny the allegations in paragraph 44 of the complaint.

## REQUEST FOR RELIEF

45.     Paragraph 45 of the complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed necessary, deny that Plaintiff is entitled to the requested relief or any relief.

46.     Paragraph 46 of the complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed necessary, deny that Plaintiff is entitled to the requested relief or any relief.

47.     Paragraph 47 of the complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed necessary, deny that Plaintiff is entitled to the requested relief or any relief.

48.     Paragraph 48 of the complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed necessary, deny that Plaintiff is entitled to the requested relief or any relief.

DEFENSES

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff failed to exhaust its administrative remedies prior to filing this action.

THIRD DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions, 5 U.S.C. § 552(b).

FOURTH DEFENSE

The FOIA claims should be dismissed because processing the vast quantity of potentially responsive records in response to Plaintiff's request would impose an unreasonable and undue burden.

FIFTH DEFENSE

At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority.

SIXTH DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

SEVENTH DEFENSE

Plaintiff is not entitled to declaratory relief, 5 U.S.C. § 552(a)(4)(B).

EIGHTH DEFENSE

Some or all of the relief sought by Plaintiff is barred by the Privacy Act, 5 U.S.C. § 552a.

NINTH DEFENSE

Defendants assert that they have, or may have, additional affirmative defenses which are not known to Defendants at this time, but which may be ascertained during litigation. Defendants specifically preserve these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

WHEREFORE, Defendants respectfully request this Court dismiss the Complaint with prejudice, enter judgment in favor of Defendants, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: New York, New York
       December 20, 2019

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:    s/ Anthony J. Sun
ANTHONY J. SUN
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, New York  10007
(212) 637-2810
anthony.sun@usdoj.gov

To:    (via ECF)
       David E. McCraw, Esq.
       Alexandra Perloff-Giles, Esq.
       *Attorneys for Plaintiff*

10